UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA, )<br>)<br>  Plaintiff, )<br>)<br>)<br>ELAINE L. CHAO, SECRETARY, )<br>UNITED STATES DEPARTMENT OF )<br>LABOR, )<br>)<br>  Defendant. )<br>_____ ) | Civil Action No. 06-2251 (RWR) |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE**

Defendant, Elaine L. Chao, Secretary of the United States Department of Labor, through her undersigned counsel, hereby moves this Court to dismiss Plaintiff's Complaint on the basis of improper venue, pursuant to Fed. R. Civ. P. 12(b)(3),[1] or alternatively, to transfer this action to the District of Massachusetts, pursuant to 28 U.S.C. § 1406(a). The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities and attached Declaration of Robert E. Dietrich. A proposed order is attached.

        Respectfully submitted,

        \_/s/_____
        JEFFREY A. TAYLOR, D.C. Bar #498610
        UNITED STATES ATTORNEY

        \_/s/_____
        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney

---

[1] Defendant reserves all affirmative defenses to be asserted in the proper venue.

        /s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250

Of Counsel:

Toye Olarinde
Office of the Solicitor
U.S. Department of Labor

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-2251 (RWR) |
| ) | |
| ELAINE L. CHAO, SECRETARY, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| LABOR, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE
TO TRANSFER FOR IMPROPER VENUE**

**I. INTRODUCTION**

Plaintiff is an employee of the United States Department of Labor ("DOL"), who is temporarily stationed in Washington, D.C. *See* Complaint ("Compl.") ¶¶ 4, 60. Plaintiff's residence is in Canton, Massachusetts. *See* Heading of Compl. at p. 1.

Plaintiff alleges that, starting in December 2004, he was subjected to discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, including sexual discrimination, sexual harassment, and a hostile work environment by a Ms. Summers, a Regional Leader for the DOL Northeast Region in Boston, Massachusetts. Compl. ¶¶ 6, 8, 10-55. Plaintiff alleges that he has suffered injuries and loss of promotion opportunities as a result of the unlawful employment practices alleged in his Complaint.

With respect to venue, Plaintiff alleges that "venue is proper in the District of Columbia because the claims asserted herein arose in the District of Columbia which is also the location of the acts relevant to the claims asserted by Mr. Materia." Compl. ¶ 3. Plaintiff further asserts that

this is "the location where Defendant has its principal office and where, upon information and belief, the employment records relevant to the Complaint are located." *Id*.

However, as discussed below, Plaintiff's claims of unlawful employment practices, including sexual discrimination, sexual harassment, and a hostile work environment, were alleged to have been predominately committed in the District of Massachusetts. Contrary to Plaintiff's assertions, his Complaint demonstrates that there was only minimal contact with the District of Columbia, and this contact occurred only because of Plaintiff's temporary work assignment in Washington, D.C. In fact, according to Plaintiff's Complaint, far more alleged unemployment practices occurred in Vermont, than in the District of Columbia.

In addition, the judicial district in which Plaintiff would have worked, but for the alleged unlawful employment practices, is the District of Massachusetts. Furthermore, Plaintiff's permanent duty station and employment records relative to such practices are maintained and administered in Boston, which is in the District of Massachusetts. *See* Government's Exhibit ("Govt. Exh.") A, Declaration of Robert E. Dietrich, ¶¶ 2-3.

In any event, venue is only proper in the district where an agency has its principal office, if the defendant cannot be brought before the court in any of the three other districts provided for in 42 U.S.C. § 2000e-5(f). Defendant submits that venue for this action is proper in the District of Massachusetts under three of the venue provisions in 42 U.S.C.§ 2000e-5(f)(3). Therefore, this action should be dismissed, or in the alternative, transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1406(a).

## ARGUMENT

### II. PLAINTIFF'S TITLE VII CLAIMS SHOULD BE DISMISSED OR TRANSFERRED TO THE DISTRICT OF MASSACHUSETTS

#### A. Standard of Review

"In considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual allegations regarding venue, as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. Dept. of Energy*, 231 F.Supp.2d 274, 276 (D.D.C. 2002) (citing *2215 Fifth Street Assocs. v. U-Haul Int'l, Inc.*, 148 F.Supp.2d 50, 54 (D.D.C. 2001). However, the court need not accept as true Plaintiff's legal conclusions. *U-Haul*, 148 F.Supp.2d at 54. In order to prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat plaintiff's assertion of venue. *Id*.

If a case is filed in the wrong judicial district, a federal court in that district must dismiss the case or "if it be in the interest of justice, transfer such case to any district of division in which it could have been brought." 28 U.S.C. § 1406(a). Generally, the "interest of justice" directive allows courts to transfer cases to the appropriate judicial district rather than dismiss them. *James v. Booz-Allen Hamilton, Inc.*, 227 F.Supp.2d 16, 20 (D.D.C. 2002) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)).

#### B. Venue in Title VII Cases

Title VII cases are subject to the venue provisions in the Civil Rights Act of 1964, as amended, which provide that such claims may only be brought in one of the following judicial districts: (1) where the unlawful employment practice is alleged to have been committed;

3

(2) where the employment records relevant to such practice are maintained and administered; or

(3) where plaintiff would have worked, but for the alleged unlawful employment practice.

However, if the defendant is not found within any such district, such an action may be brought in the judicial district in which the defendant has its principal office. *See* 42 U.S.C. § 2000e-5(f)(3); *see also Stebbins v. State Farm Mut. Auto. Ins. Co.,* 413 F.2d 1100, 1101-1102 (D.C. Cir. 1969), *cert. denied*, 396 U.S. 895 (1969); *Archuleta v. Sullivan*, 725 F. Supp. 602, 603-04 (D.D.C. 1989); *Tuberville v. Casey*, 525 F. Supp. 1070, 1072 (D.D.C. 1981).

1.  **The Majority of the Unlawful Employment Practices Are Alleged to Have Been Committed in the District of Massachusetts**.

It is apparent from Plaintiff's Complaint that the majority of the unlawful employment practices he alleges were committed in Boston, Massachusetts. Plaintiff avers that he was working as a Veterans Program Specialist for the Department of Labor in the Boston office when the events leading up to the filing of this action began in December 2004. Compl. ¶¶ 8-9.

Plaintiff alleges that one of the first unlawful employment practices occurred in January 2005, after Plaintiff and Ms. Summers had returned to Boston, Massachusetts from a trip to New Hampshire. Compl. ¶¶ 10-11. Thereafter, while working in the Boston office, Plaintiff alleges that Ms. Summers sexually harassed him at work, forced him to go to a movie, and began to frequently send him e-mails and text messages. Compl. ¶¶ 12-13.

Plaintiff further avers that, in mid January 2005, he was assigned to travel on a weekend to Vermont to provide a briefing to soldiers who were being activated. Compl. ¶ 14. He alleges that Ms. Summers accompanied him, forced him to have lunch and dinner with her, kissed Plaintiff, and asked him to spend the night with her. Compl. ¶ 15. Plaintiff alleges that upon his

return to Boston, Massachusetts, his co-workers teased him about the trip. Compl. ¶ 16.

Additionally, Plaintiff alleges that in April and May 2005, Ms. Summers continued her unlawful employment practices, including subjecting Plaintiff to sexual harassment at several locations in Boston, Massachusetts, including a baseball game at Fenway Park, the Marriott Custom House, and Gillette Stadium. Compl. ¶¶ 23-27, 37.

In August 2005, nine months after Plaintiff alleges that the unlawful practices began, Plaintiff states that he was temporarily assigned to a position in Washington, D.C. Compl. ¶ 42. Although he alleges continued harassment by Ms. Summers in September and October 2005, through telephone calls and e-mails, these communications were presumably made from Ms. Summers' duty station in Boston, Massachusetts. Compl. ¶ 43.

The only allegations in Plaintiff's Complaint concerning the District of Columbia allegedly occurred in the latter part of 2005, and they were minimal. Plaintiff alleges that in September 2005, Ms. Summers visited him at his office in Washington, D.C., and that he attended a function at the White House with Ms. Summers in December 2005. Compl. ¶¶ 43-44, 50.

Plaintiff also alleges that in March 2006, he met with Mr. McWilliam to discuss Ms. Summers' harassment. Compl. ¶ 56. However, Ms. Summers had terminated her employment with the DOL effective March 1, 2006. *See* Govt. Exh. B, Declaration of Kathleen Summers.

Defendant submits that the majority of Plaintiff's allegations of a hostile work environment, sexual harassment, and sexual discrimination were based on events he alleges occurred in Boston, Massachusetts. In fact, Plaintiff asserts that this was the reason he wanted to leave the regional office. Compl. ¶ 25. Therefore, the proper venue for this action is the District

of Massachusetts.

2.   **Plaintiff's Employment Records Are Maintained and Administered in the District of Massachusetts**.

Contrary to Plaintiff's information and belief, at all relevant times, Plaintiff's employment records and official personnel file have been located in Boston, Massachusetts at the regional office of the Office of the Assistant Secretary for Administration and Management. *See* Govt. Exh. A, Declaration of Robert E. Dietrich, ¶¶ 2-3. Thus, the employment records relevant to his alleged unlawful employment practices in this case are maintained and administered in the District of Massachusetts, not the District of Columbia. In fact, Plaintiff acknowledges that he was informed by the regional office in Boston about his February 2006 promotion. *See* Compl. ¶ 54. Accordingly, venue does not lie in the District of Columbia under this provision of 42 U.S.C. § 2000 (e)-5(f)(3). *See Washington v. General Elec. Corp*., 686 F. Supp. 361 (D.D.C. 1988).

3.   **Plaintiff Would Have Worked In the District of Massachusetts, But For The Alleged Unlawful Employment Practices**.

Given the facts alleged in the Complaint, it is clear that Plaintiff would have worked in Boston, Massachusetts, but for the alleged unlawful practices contained in his Complaint. As discussed above, Plaintiff alleges that the unlawful employment practices began in December 2004, in Boston, Massachusetts, and continued thereafter for nine months, until his temporary transfer in August 2005, to Washington, D.C. Moreover, Plaintiff's assignment in the District of Columbia is only a temporary assignment. *See* Govt. Exh. A, Declaration of Robert E. Dietrich, ¶¶ 2-3; Complaint ¶¶ 42, 54. In fact, Plaintiff concedes that in December 2006, he was advised that his temporary assignment would be ending. Compl. ¶ 61.

Accordingly, the proper venue for where Plaintiff would have worked, but for the alleged unlawful practices, is the District of Massachusetts, not the District of Columbia.

**4.      Defendant's Principal Office Is In The District of Columbia**.

The fourth venue option under 42 U.S.C. § 2000e-5(f)(3) is a residual provision. It can be used to establish venue only if the defendant cannot be found in any district in which venue would be proper under the other three provisions of the statute. *See Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d at 1101; *Donnell v. National Guard Bureau*, 569 F. Supp. 93, 94 (D.D.C. 1983).

As explained above, Defendant is located in and can be found in Massachusetts. Moreover, venue is available in Massachusetts under the three other Title VII venue options. Therefore, the residual venue provision is not available to Plaintiff in this case. Accordingly, the Court should dismiss Plaintiff's Complaint or, in the alternative, should transfer this action to the District of Massachusetts.

## Conclusion

For the foregoing reasons, Plaintiff's Complaint should be dismissed for improper venue. Alternatively, should the Court find that it serves the interest of justice, Plaintiff's action should be transferred to the District of Massachusetts.

                Respectfully submitted,

                _/s/_____
                JEFFREY A. TAYLOR, D.C. Bar #498610
                UNITED STATES ATTORNEY

                _/s/_____
                RUDOLPH CONTRERAS, D.C. Bar #434122
                Assistant United States Attorney

       /s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250

EXHIBIT A

Declaration of Robert E. Dietrich

# EXHIBIT B

# Declaration of Kathleen Summers

Case 1:06-cv-02251-RWR-AK   Document 5   Filed 04/10/2007   Page 12 of 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-2251 (RWR) |
| ) | |
| ELAINE L. CHAO, SECRETARY, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| LABOR, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **ORDER**

Upon consideration of Defendant's motion to dismiss, or in the alternative, to transfer venue to the District of Massachusetts, Plaintiff's opposition thereto, and the entire record, it is hereby,

ORDERED, that Plaintiff's Complaint is dismissed.

ORDERED, that this action shall be transferred to the District of Massachusetts.


Dated: _____                    _____
                                        RICHARD W. ROBERTS
                                        United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELAINE L. CHAO )<br>Secretary, Dept. of Labor )<br>)<br>Defendant. )<br>) | Civil Action No. 06-2251 (RWR) |

### DECLARATION OF ROBERT E. DIETRICH

I, Robert Dietrich, do hereby declare and state under the penalty of perjury:

1. I am over eighteen years of age. I am currently the Regional Human Resources Officer for the Office of the Assistant Secretary for Administration and Management (OASAM), in Boston and New York. The Veteran's Employment and Training Service (VETS) is among the agencies within the region that I provide with human resources support, which includes maintaining personnel records, among other duties. It is in this capacity that I gained the knowledge regarding the matters set forth herein.

2. Currently, the physical documents that comprise the official personnel file for Mr. Joseph Materia are maintained in the OASAM regional office in Boston, Massachusetts.

3. I have reviewed Mr. Materia's personnel file and his permanent duty station is in the Boston regional VETS office.

4. Mr. Materia is currently in travel status and on a temporary detail to the Washington, DC office.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date 3. March 2007

Robert E. Dietrich
Regional Human Resources Officer,
OASAM,

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH MATERIA                )
                              )
            Plaintiff,        )
                              )    Civil Action No. 06-2251 (RWR)
        v.                    )
                              )
ELAINE L. CHAO                )
Secretary, Dept. of Labor     )
                              )
            Defendant.        )
_____)

## DECLARATION OF KATHLEEN SUMMERS

I, Kathleen Summers, do hereby declare and state under the penalty of perjury:

1. I am over eighteen years of age.

2. On June 1, 2004, I began my employment with the Department of Labor as a Secretary's Representative to the Boston, Massachusetts region.

3. On March 1, 2006 I resigned from the Department of Labor and am no longer employed by the federal government.

4. Currently, I work and reside in ___Newton___, Massachusetts.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date __4/9/07__

_____
Kathleen Summers