### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH MATERIA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 06-2251 (RWR)** |
| ) | |
| **ELAINE L. CHAO, SECRETARY,** ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **LABOR,** ) | |
| ) | |
| **Defendant.** ) | |
| ——————————————— ) | |

### DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT
### OR CERTAIN CLAIMS OR, IN THE ALTERNATIVE,
### TO TRANSFER FOR IMPROPER VENUE

Defendant, Elaine L. Chao, Secretary of the United States Department of Labor, through her undersigned counsel, hereby moves this Court to dismiss Plaintiff's Amended Complaint for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3),[1] to dismiss certain claims for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, to transfer this action to the District of Massachusetts, pursuant to 28 U.S.C. § 1406(a). The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities and attached Declarations of Robert E. Dietrich, Kathleen Summers, and Naomi Barry-Perez. A proposed order is attached.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
UNITED STATES ATTORNEY

---

[1] Defendant reserves all affirmative defenses to be asserted in the proper venue.

_/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250

Of Counsel:

Toye Olarinde
Office of the Solicitor
U.S. Department of Labor

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 06-2251 (RWR) |
| | ) |
| ELAINE L. CHAO, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| LABOR, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE
TO TRANSFER FOR IMPROPER VENUE**

## I. PROCEDURAL BACKGROUND

Plaintiff filed his complaint on December 29, 2006. On April 10, 2007, Defendant filed a motion to dismiss Plaintiff's complaint or, in the alternative, to transfer venue. Plaintiff sought a consent motion for an extension of time until May 23, 2007, "to submit Plaintiff's Opposition to Defendant's Motion to Dismiss." However, instead of filing an opposition, Plaintiff amended his complaint in a transparent attempt to manufacture venue in this forum.[2] Plaintiff has added retaliation claims to his amended complaint that he alleges occurred in Washington, D.C. However, these claims have not yet been administratively exhausted, and, therefore, cannot provide a basis for venue in this judicial district. See Government's Exhibit ("Govt. Exh.") A, Declaration of Naomi Barry-Perez, ¶¶ 4-5.

On May 23, 2007, the Court denied without prejudice Defendant's motion to dismiss Plaintiff's original complaint or transfer venue as moot. Defendant now hereby moves to dismiss

---

[2] Plaintiff made these retaliation claims to the agency's EEO office on May 17, 2007, and May 18, 2007, less than one week ago.

Plaintiff's amended complaint or to dismiss certain retaliation claims that have not been administratively exhausted.  In the alternative, Defendant moves to transfer venue to the District of Massachusetts.

## II.  <u>INTRODUCTION</u>

Plaintiff is an employee of the United States Department of Labor ("DOL"), who was temporarily stationed in Washington, D.C.  Amended Complaint ("Amended Compl.") ¶ 4.  Plaintiff's temporary duties have been discharged and he has now been instructed to report for duty in Boston, Massachusetts.  Amended Compl. ¶ 78.  Plaintiff's residence is in Canton, Massachusetts.  Heading of Original Complaint at p. 1.

Plaintiff alleges that, starting in December 2004, he was subjected to discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, including sexual discrimination, sexual harassment, and a hostile work environment by a Ms. Summers, a Regional Leader for the DOL Northeast Region in Boston, Massachusetts.  Amended Compl. ¶¶ 6, 10-55.  Plaintiff alleges that he has suffered injuries and loss of promotion opportunities as a result of the unlawful employment practices alleged in his amended complaint.  Amended Compl. ¶¶ 82-83, 88-89, 94-95.

With respect to venue, Plaintiff alleges that "venue is proper in the District of Columbia because the claims asserted herein arose in the District of Columbia which is also the location of the acts relevant to the claims asserted by Mr. Materia."  Amended Compl. ¶ 3.  Plaintiff further asserts that this is "the location where Defendant has its principal office and where, upon information and belief, the employment records relevant to the Complaint are located." *Id*.

However, as discussed below, Plaintiff's claims of unlawful employment practices, that

are properly before the Court,[2] were alleged to have been predominately committed in the District of Massachusetts.[3]  Contrary to Plaintiff's assertions, there was only minimal contact with the District of Columbia, and this contact occurred only because of Plaintiff's temporary work assignment in Washington, D.C., a temporary assignment which has now ended.  Amended Compl. ¶ 78.

In addition, the judicial district in which Plaintiff would have worked, but for the alleged unlawful employment practices, is the District of Massachusetts.  Furthermore, Plaintiff's permanent duty station and employment records relative to such practices are maintained and administered in Boston, which is in the District of Massachusetts.  *See* Govt. Exh. B, Declaration of Robert E. Dietrich, ¶¶ 2-3.[4]

In any event, venue is only proper in the district where an agency has its principal office, if the defendant cannot be brought before the court in any of the three other districts provided for in 42 U.S.C. § 2000e-5(f).  Defendant submits that venue for this action is proper in the District of Massachusetts under three of the venue provisions in 42 U.S.C.§ 2000e-5(f)(3).  Therefore, this action should be dismissed, or in the alternative, transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1406(a).

---

[2] As discussed *infra*, Plaintiff has failed to administratively exhaust certain claims, particularly those claims alleging retaliation which allegedly occurred in Washington, D.C.

[3] Plaintiff also alleges that discriminatory employment practices occurred in Vermont and New Hampshire.

[4] It is unclear how Plaintiff can, in good faith, allege again in his amended complaint that he has information or belief that his records are maintained in the District of Columbia, in light of the Declaration of Robert E. Dietrich that was filed with Defendant's motion to dismiss his original complaint.  That declaration clearly demonstrated, as it does now, that Plaintiff's employment records are maintained in Boston.

## ARGUMENT

## III.  PLAINTIFF'S TITLE VII CLAIMS SHOULD BE DISMISSED OR TRANSFERRED TO THE DISTRICT OF MASSACHUSETTS

### A.  Legal Standards of Review

### 1.    Fed. R. Civ. P. 12(b)(1)

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  However, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson*, 120 F. Supp. at 81.  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao, Dep't. of Labor*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), *affirmed*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 543 U.S. 809 (2004) (affirming the trial court's dismissal of the plaintiff's ADEA claim under Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies, but declining to resolve the issue of whether exhaustion is a jurisdictional issue);

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence.  *Id.*

## 2.      **Fed. R. Civ. P. 12(b)(3)**

"In considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual

allegations regarding venue, as true, draws all reasonable inferences from those allegations in the

plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  *Darby v. Dept. of*

*Energy*, 231 F.Supp.2d 274, 276 (D.D.C. 2002) (citing *2215 Fifth Street Assocs. v. U-Haul Int'l,*

*Inc.*, 148 F.Supp.2d 50, 54 (D.D.C. 2001).  However, the court need not accept as true a

plaintiff's legal conclusions.  *U-Haul*, 148 F.Supp.2d at 54.  In order to prevail on a motion to

dismiss for improper venue, the defendant must present facts that will defeat plaintiff's assertion

of venue.  *Id.*

If a case is filed in the wrong judicial district, a federal court in that district must dismiss

the case or "if it be in the interest of justice, transfer such case to any district or division in which

it could have been brought."  28 U.S.C. § 1406(a).  Generally, the "interest of justice" directive

allows courts to transfer cases to the appropriate judicial district rather than dismiss them.  *James*

*v. Booz-Allen Hamilton, Inc.*, 227 F.Supp.2d 16, 20 (D.D.C. 2002) (quoting *Goldlawr, Inc. v.*

*Heiman*, 369 U.S. 463, 466-67 (1962)).

## 3.      **Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), may

be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that support a

claim for relief.  *See Bell Atlantic v. Twombly,* __U.S. ___, 2007 WL 1461066 (May 21, 2007),

(holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

5

of action will not do"); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court must accept as true all the factual allegations in the complaint, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993), and a plaintiff "must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor must the Court accept legal conclusions cast in the form of factual allegations." *Id.* at 1276.

## B. Venue in Title VII Cases

Title VII cases are subject to the venue provisions in the Civil Rights Act of 1964, as amended, which provide that such claims may only be brought in one of the following judicial districts where: (1) the unlawful employment practice is alleged to have been committed; (2) the employment records relevant to such practice are maintained and administered; or (3) plaintiff would have worked, but for the alleged unlawful employment practice. However, if the defendant is not found within any such district, such an action may be brought in the judicial district in which the defendant has its principal office. *See* 42 U.S.C. § 2000e-5(f)(3); *see also Stebbins v. State Farm Mut. Auto. Ins. Co.,* 413 F.2d 1100, 1101-1102 (D.C. Cir. 1969), *cert. denied*, 396 U.S. 895 (1969); *Archuleta v. Sullivan*, 725 F. Supp. 602, 603-04 (D.D.C. 1989); *Tuberville v. Casey*, 525 F. Supp. 1070, 1072 (D.D.C. 1981).

1.    **The Majority of the Unlawful Employment Practices Are Alleged to Have Been Committed in the District of Massachusetts**.

Plaintiff avers that he was working as a Veterans Program Specialist for the DOL in the DOL's Boston, Massachusetts office when the events leading up to the filing of this action began in December 2004. Amended Compl. ¶¶ 8-9. Plaintiff alleges that one of the first unlawful employment practices occurred in January 2005, after Plaintiff and Ms. Summers had returned to Boston, Massachusetts from a trip to New Hampshire. Amended Compl. ¶¶ 10-11. Thereafter, while working in the Boston office, Plaintiff alleges that Ms. Summers sexually harassed him at work, forced him to go to a movie, where she allegedly kissed him and rubbed his leg against his will, and began to frequently send him e-mails and text messages. Amended Compl. ¶¶ 12-13.

Plaintiff further avers that, in mid January 2005, he was assigned to travel on a weekend to Vermont to provide a briefing to soldiers who were being activated. Amended Compl. ¶ 14. He alleges that Ms. Summers accompanied him, forced him to have lunch and dinner with her, kissed Plaintiff against his will, and asked him to spend the night with her. Amended Compl. ¶ 15. Plaintiff alleges that upon his return to Boston, Massachusetts, his co-workers teased him about the trip. Amended Compl. ¶ 16.

Additionally, Plaintiff alleges that in April and May 2005, Ms. Summers continued her unlawful employment practices, including subjecting Plaintiff to sexual harassment at several locations in Boston, Massachusetts, including a baseball game at Fenway Park, the Marriott Custom House, and Gillette Stadium. Amended Compl. ¶¶ 24, 27, 37.

In August 2005, nine months after Plaintiff alleges that the unlawful practices began, Plaintiff was temporarily assigned to a position in Washington, D.C., for ninety days. Amended

7

Compl. ¶ 42.  Although he alleges continued harassment by Ms. Summers in September and

October 2005, through telephone calls and e-mails, these communications were presumably

made from Ms. Summers' duty station in Boston, Massachusetts.  Amended Compl. ¶ 43.

     The only allegations in Plaintiff's Complaint concerning the District of Columbia

allegedly occurred in the latter part of 2005, and they were minimal.  Plaintiff alleges that in

September 2005, Ms. Summers visited him at his office in Washington, D.C., and that he

attended a function at the White House with Ms. Summers in December 2005.  Amended Compl.

¶¶ 43-44, 50.

     Plaintiff also alleges that in March 2006, he met with Mr. McWilliam to discuss Ms.

Summers' harassment.  Amended Compl. ¶ 56.  However, Ms. Summers had terminated her

employment with the DOL effective March 1, 2006.  *See* Govt. Exh. C, Declaration of Kathleen

Summers.

     Defendant submits that the majority of Plaintiff's allegations of sexual harassment and

hostile work environment were based on events he alleges occurred in Boston, Massachusetts.

Therefore, the proper venue for this action is the District of Massachusetts.

**2.**    **Plaintiff's Employment Records Are Maintained and Administered**
     **in the District of Massachusetts**.

     Contrary to Plaintiff's information and belief, at all relevant times, Plaintiff's

employment records and official personnel file have been located in Boston, Massachusetts at the

regional office of the Office of the Assistant Secretary for Administration and Management.  *See*

Govt. Exh. B, Declaration of Robert E. Dietrich, ¶¶ 2-3.  Thus, the employment records relevant

to his alleged unlawful employment practices in this case are maintained and administered in the

District of Massachusetts, not the District of Columbia.  In fact, Plaintiff acknowledged that he

was informed by the regional office in Boston about his February 2006 promotion.  Amended

Compl. ¶ 54.  Accordingly, venue does not lie in the District of Columbia under this provision of

42 U.S.C. § 2000 (e)-5(f)(3).  *See Washington v. General Elec. Corp.*, 686 F. Supp. 361 (D.D.C.

1988).

**3.    Plaintiff Would Have Worked In the District of Massachusetts, But For The Alleged Unlawful Employment Practices**.

Given the facts alleged in the amended complaint, it is clear that Plaintiff would have

worked in Boston, Massachusetts, but for the alleged unlawful practices contained in his

amended complaint.  In fact, Plaintiff concedes that his temporary duty was supposed to end in

December 2006.  Amended Compl. ¶ 62.  More significantly Plaintiff's temporary duty in this

judicial district has now ended, and he has been instructed to report back to his permanent duty

station in Boston.  Amended Compl. ¶ 78.

Of course, Plaintiff cannot base venue in this judicial district on his allegations of

retaliation concerning the Veterans Employment Specialist position for which he applied,

because he has not yet exhausted his administrative remedies with respect to this claim.  *See*

Govt. Exh. A, Declaration of Naomi Barry-Perez ¶ 4; *see also* Amended Compl. ¶ 74.

Accordingly, the proper venue for where Plaintiff would have worked, but for the alleged

unlawful employment practices, is the District of Massachusetts, not the District of Columbia.

**4.    Defendant's Principal Office Is In The District of Columbia**.

The fourth venue option under 42 U.S.C. § 2000e-5(f)(3) is a residual provision.  It can

be used to establish venue only if the defendant cannot be found in any district in which venue

9

would be proper under the other three provisions of the statute. *See Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d at 1101; *Donnell v. National Guard Bureau*, 569 F. Supp. 93, 94 (D.D.C. 1983).

As explained above, Defendant is located in and can be found in Massachusetts. Moreover, venue is available in Massachusetts under the three other Title VII venue options. Therefore, the residual venue provision is not available to Plaintiff in this case. Accordingly, the Court should dismiss Plaintiff's amended complaint or, in the alternative, should transfer this action to the District of Massachusetts.

**5.**     **Plaintiff Has Failed To Exhaust Certain Claims**

Federal employees may only file a civil action after exhausting their administrative remedies before the concerned Federal agency. See 42 U.S.C. § 2000e-16(c). An aggrieved must contact an EEO counselor within 45 days of the alleged discriminatory act or the effective date of an adverse employment action. *See* 29 C.F.R. 1614.105(a)(1). If the matter is not resolved through informal counseling, the aggrieved federal employee must, within 15 days, file a written complaint with the agency that allegedly discriminated against the employee. *See* 29 C.F.R. § 1614.106(a)(c). A Federal agency is then given 180 days within which to investigate the employee's complaint or reject the complaint and issue a final dismissal. *See* 29 C.F.R. § 1614.106(d)(2). At the conclusion of the agency's investigation, the complainant may request a hearing before an EEOC administrative judge or an immediate final decision by the agency. *See* 29 C.F.R. § 1614.108(f). A complainant who receives a final adverse decision from his agency may appeal that decision to the EEOC within 30 days, or he may file a civil action within 90 days. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408; *see also Wilson v. Pena*, 79 F.3d 154

(D.C. Cir. 1996).  A complainant also may file a civil action at any time after his complaint has

been pending before the agency or the EEOC for at least 180 days.  See 42 U.S.C. § 2000e-16(c);

29 C.F.R. § 1614.408.

"Complainants must timely exhaust these administrative remedies before bringing their

claims to court."  *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).  "[S]trict

adherence to the procedural requirements specified by the legislature is the best guarantee of

evenhanded administration of the law."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,

108 (2002).  These requirements apply both to claims of discrimination and claims of retaliation

under Title VII.  *Id.* at 114, 122.

Plaintiff's amended complaint alleges that he met with an EEO counselor on April 25,

2006, and that he filed a formal complaint with the agency on June 28, 2006.  Amended Compl.

¶¶ 57-58.  However, that formal complaint was only concerning Plaintiff's claims of sexual

harassment and hostile work environment.  Thus, these are the only claims properly before this

Court.  *See* Govt. Exh. A, Declaration of Naomi Barry-Perez, ¶ 3.  Plaintiff's claims of

retaliation, for which he only sought EEO counseling or filed a formal complaint with the agency

last week, have not been administratively exhausted, and these retaliation claims cannot provide

a basis for venue in this judicial district.  *See* Govt. Exh. A, Declaration of Naomi Barry-Perez,

¶¶ 4-5.  Accordingly, the Plaintiff's claims of retaliation should be dismissed pursuant to Fed. R.

Civ. P. 12(b)(1) or 12(b)(6).  *See Artis v. Greenspan*, 474 F.Supp.2d 16 (D.D.C. 2007)

(dismissing the plaintiff's action pursuant to Fed. R. Civ. P. 12(b)(1) for failure to exhaust

administrative remedies, citing *Artis v. Greenspan*, 158 F.3d 1301, 1302 (D.C. Cir. 1998)); *but

see Holmes v. Phi Service Co.,* 437 F.Supp.2d 110, 118 (D.D.C. 2006) (discussing the confusion

concerning the issue of whether Title VII's exhaustion requirement is jurisdictional or non-jurisdictional, but concluding that it is non-jurisdictional, citing *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243 (D.C. Cir. 2004)).

## <u>Conclusion</u>

For the foregoing reasons, Plaintiff's amended complaint should be dismissed for improper venue or, in the alternative, those claims which have not yet been administratively exhausted should be dismissed. Alternatively, should the Court find that it serves the interest of justice, Plaintiff's action should be transferred to the District of Massachusetts.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
UNITED STATES ATTORNEY

_/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250

EXHIBIT A

Declaration of Naomi Barry-Perez

EXHIBIT B

Declaration of Robert E. Dietrich

EXHIBIT C

Declaration of Kathleen Summers

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA, | ) |
| | ) |
| Plaintiff, | ) |
| | )    Civil Action No. 06-2251 (RWR) |
| | ) |
| ELAINE L. CHAO, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| LABOR, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### ORDER

Upon consideration of Defendant's motion to dismiss Plaintiff's amended complaint or certain claims, or in the alternative, to transfer venue to the District of Massachusetts, Plaintiff's opposition thereto, and the entire record, it is hereby,

ORDERED, that Plaintiff's Complaint is dismissed.

ORDERED, that the retaliation claims in Plaintiff's amended complaint for which he sought EEO counseling on May 17, 2007, or for which he filed a formal complaint with the agency on May 18, 2007, are dismissed.

ORDERED, that this action shall be transferred to the District of Massachusetts.

Dated: _____

_____
RICHARD W. ROBERTS
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOSEPH MATERIA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELAINE L. CHAO | ) |
| Secretary, U.S. Dept. of Labor | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No. 06-2251 (RWR)

### DECLARATION OF NAOMI BARRY-PÉREZ

I, Naomi Barry-Pérez, hereby declare the following:

1.    I am the Chief of the Office of Internal Enforcement, Civil Rights Center, Office of the Assistant Secretary for Administration and Management, U.S. Department of Labor, Washington, D.C.

2.    Among my duties, I maintain complaint records and handle the processing of EEO complaints.

3.    Mr. Joseph Materia filed a Formal Complaint of Discrimination with the Civil Rights Center on June 28, 2006, alleging sexual harassment as follows:

> Numerous incidents in which unwanted contact was made by a higher level DOL executive created a very uncomfortable and upsetting work environment. Incidents involved unsolicited and unwanted calls, emails, messages, communications, contact, touch, gifts, involvement in career, assignment interference, military promotion interference and personal stress related to these actions. Threats accompanied requests to be left alone.

This complaint was dismissed by the Civil Rights Center by letter dated September 29, 2006.

4.    At present, Mr. Joseph Materia has a pending Formal Complaint with this Office. Filed on May 18, 2007, Mr. Materia alleged that reprisal for previous EEO activity motivated the Agency's decision to cancel or "[permit] to expire" a vacancy announcement for a Veterans' Employment Specialist, GS 12/13, position.  Pursuant to 29 CFR § 1614, the Civil Rights Center shall now assess whether this complaint may be accepted for investigation or dismissed.  If accepted, an investigation will be conducted pursuant to §1614.108.

5.    Mr. Joseph Materia also filed an Informal Complaint with this Office on May 17, 2007, alleging reprisal based on "verbal affirmation" that he was to be returned to the Agency's Boston Office.  Pursuant to §1614.105, the Civil Rights Center shall now conduct "counseling" on this complaint in an attempt to informally resolve the matter.  If resolution does not occur, Mr. Materia will be given the right to file a formal discrimination complaint.

6.    The foregoing statements are true and correct to the best of my knowledge, information and belief.  I so declare under penalty of perjury.

MAY 2 4 2007
_____
Date

_____
Naomi Barry-Pérez

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSEPH MATERIA                          )
                                        )
              Plaintiff,                )
                                        )        Civil Action No. 06-2251 (RWR)
        v.                              )
                                        )
ELAINE L. CHAO                          )
Secretary, Dept. of Labor               )
                                        )
              Defendant.                )
_____    )

### DECLARATION OF ROBERT E. DIETRICH

I, Robert Dietrich, do hereby declare and state under the penalty of perjury:

1.  I am over eighteen years of age.  I am currently the Regional Human Resources

    Officer for the Office of the Assistant Secretary for Administration and Management

    (OASAM), in Boston and New York.  The Veteran's Employment and Training

    Service (VETS) is among the agencies within the region that I provide with human

    resources support, which includes maintaining personnel records, among other duties.

    It is in this capacity that I gained the knowledge regarding the matters set forth

    herein.

2.  Currently, the physical documents that comprise the official personnel file for Mr.

    Joseph Materia are maintained in the OASAM regional office in Boston,

    Massachusetts.

3.  I have reviewed Mr. Materia's personnel file and his permanent duty station is in the

    Boston regional VETS office.

1

4. Mr. Materia is currently in travel status and on a temporary detail to the Washington, DC office.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date _**30 March 2007**_

Robert E. Dietrich
Regional Human Resources Officer,
OASAM ,

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSEPH MATERIA )
 )
    Plaintiff, )
 )
    v.    ) Civil Action No. 06-2251 (RWR)
 )
ELAINE L. CHAO )
Secretary, Dept. of Labor )
 )
    Defendant. )
 )

## DECLARATION OF KATHLEEN SUMMERS

I, Kathleen Summers, do hereby declare and state under the penalty of perjury:

1.  I am over eighteen years of age.

2.  On June 1, 2004, I began my employment with the Department of Labor as a
    Secretary's Representative to the Boston, Massachusetts region.

3.  On March 1, 2006 I resigned from the Department of Labor and am no longer
    employed by the federal government.

4.  Currently, I work and reside in ___Newton___, Massachusetts.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
correct to the best of my knowledge and belief.

Date __4/9/07__

_____
Kathleen Summers