UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-2251 (RWR) |
| | ) |
| ELAINE L. CHAO, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| LABOR, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY**

The Defendant, Elaine L. Chao, Secretary, United States Department of Labor, by and through undersigned counsel, hereby replies to the Plaintiff's opposition to the Defendant's motion to dismiss or, in the alternative, to transfer this case to the District of Massachusetts.[1]  As discussed below, the Plaintiff's alleged unlawful employment practices substantially occurred in the District of Massachusetts, the Plaintiff would be employed in the District of Massachusetts but for these alleged unlawful employment practices, and the Plaintiff's employment records are maintained and administered in the District of Massachusetts.   Therefore, the proper venue for the Plaintiff's action is in the District of Massachusetts, not the District of Columbia.

**I.  A SUBSTANTIAL PART, IF NOT ALL, OF PLAINTIFF'S CLAIMS AROSE IN THE DISTRICT OF MASSACHUSETTS**

Congress intended to limit venue to those jurisdictions concerned with the alleged discrimination under Title VII,  and the Court need not accept a plaintiff's legal conclusions concerning venue as true.  *See Darby v. U.S. Dep't of Energy*, 231 F.Supp.2d 274, 276 (D.D.C.

---

[1] The Defendant has moved to dismiss the Plaintiff's retaliation claims because he has failed to exhaust administrative remedies.  The Plaintiff has advanced no argument to the contrary.  *See* Plaintiff's Opp. FN 1.

2002). "Venue determinations of where a claim arose are based on a "commonsense appraisal" of events having operative significance in the case. *Donnell* v. *Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983) (citing *Lamont v. Haige*, 590 F.2d 1124, 1134 (D.C. Cir. 1978)). Title VII determinations of the locus of disputed employment practices should be examined in a similar vein. *Donnell* v. *Nat'l Guard Bureau*, 568 F. Supp. at 94.

In any event, "venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged' took place outside the District even when action taken in the District 'may have had an impact on the plaintiff's situation.'" *Darby v. U.S. Dep't of Energy*, 231 F.Supp.at 277 (citing *Donnell* v. *Nat'l Guard Bureau*, 568 F. Supp. at 94). With respect to the claims properly before the Court, the Plaintiff's first amended complaint asserts numerous alleged discriminatory acts in Boston, Massachusetts. When compared to the few events alleged in the District of Columbia, it is clear that a substantial part of the employment practices challenged by the Plaintiff occurred in the District of Massachusetts. *See* Plaintiff's First Amended Complaint ¶¶ 9-42.

Moreover, even if some of the events alleged in the Plaintiff's amended complaint are true, not everything that he alleges to have occurred in Washington, D.C., constitutes an "unlawful employment practice." *See* 42 U.S.C. § 2000e-2(a); *see also King v. Jackson*, 2007 WL 1529479 (D.C. Cir. 2007). This is particularly true with respect to the Plaintiff's assertions that Ms. Summers' communications to him about a baseball game, after she had resigned from the agency, constituted unlawful employment practices. *See* Plaintiff's Opp. at 5.

Additionally, the Plaintiff has yet to exhaust administrative remedies concerning his retaliation allegations which he alleges occurred in the District of Columbia in 2006 and 2007.

Therefore, his contention that alleged unlawful employment practices occurred in the District of Columbia for a time period "just shy of two (2) years" is deceptive, because many of those claims are not properly before the Court, and they cannot be used to establish venue in this judicial district. *See* Plaintiff's Opp. at 10-11.

Furthermore, the Plaintiff's argument that the Court should "have venue over all of Mr. Materia's claims" because it would be "nonsensical" and a "colossal waste of judicial resources to litigate in two different forums" is unpersuasive. If the Plaintiff's case is transferred to the District of Massachusetts, his retaliation claims, after administrative exhaustion, can also be brought in the District of Massachusetts because the Plaintiff's employment records are administered and maintained in Boston. *See infra*, Section III. Therefore, venue would be proper in the District of Massachusetts for all of the Plaintiff's claims.[2]

More importantly, the Court should consider the resources that will be wasted having the Plaintiff and Ms. Summers, as well as government and other witnesses,[3] travel from Boston to the District of Columbia for discovery and court proceedings, since the Plaintiff has returned to

---

[2] To suggest that the Court should decide venue based on claims which might be brought in the future also appears somewhat "nonsensical." It certainly suggests that Plaintiff intends not to participate in good faith with the EEO counseling concerning his recently filed claims of retaliation.

[3] The Plaintiff has alleged that his co-workers in the Boston office "began to notice and gossip" about Ms. Summers' alleged "frequent pattern of visiting Mr. Materia at work" and "teased Mr. Materia repeatedly" about the trip to Vermont. *See* Plaintiff's First Amended Complaint ¶¶ 13, 16. The Plaintiff specifically names three of these co-workers in his First Amended Complaint, and the Defendant assumes that the Plaintiff will want to depose these co-workers and have them testify to support his claims of harassment. *See* Plaintiff's Amended Complaint ¶ 16. Likewise, the witnesses at the political gathering in April 2005, in the District of Massachusetts, may have to be deposed or attend trial. *Id* at ¶ 22. Significantly, because those witnesses are based in Boston, they would presumably be beyond this Court's subpoena power. *See* Fed. R. Civ. P. 45(b)(2).

his duty station in Boston.  *See* Plaintiff's First Amended Complaint ¶ 78.  Accordingly, the Plaintiff has failed to demonstrate proper venue based upon this prong of 42 U.S.C. § 2000e-5(f)(3).

## II. THE PLAINTIFF WOULD HAVE WORKED IN THE DISTRICT OF MASSACHUSETTS, BUT FOR THE ALLEGED DISCRIMINATORY ACTS

The Plaintiff argues that the Defendant has somehow attempted to "manipulate venue" and has turned "this prong on its head."  Although he admits that he "would have stayed in Boston," but for the alleged harassment by Ms. Summers, the Plaintiff appears to urge the Court to ignore the clear language of the statute.  *See* Plaintiff's Opp. FN 3.  The Plaintiff, of course, has cited no authority, nor is the Defendant aware of any, which supports the Plaintiff's position.

The Plaintiff's complaint alleges that he would have stayed in the Boston office, but for the alleged harassment of Ms. Summers.  *See* Plaintiff's First Amended Complaint ¶¶ 8, 34.  Therefore, the second prong of the Title VII venue provisions clearly dictates that the proper venue for the Plaintiff's action is the District of Massachusetts.  The Court can make its own determination as to which party is attempting to "manipulate venue."  *See* Plaintiff's Opp. FN 3.

## III. THE PLAINTIFF'S EMPLOYMENT RECORDS ARE MAINTAINED AND ADMINISTERED IN THE DISTRICT OF MASSACHUSETTS

The Defendant has submitted a declaration evidencing the fact that the Plaintiff's employment records are maintained and administered in the District of Massachusetts.  *See* Declaration of Robert E. Dietrich.[4]  Amazingly, the Plaintiff argues that he has met the third

---

[4] This Declaration is Government's Exhibit B, an attachment to the Defendant's motion to dismiss or, in the alternative, transfer.

prong of the venue statute because "his personnel file is available for review online and is globally accessible." Plaintiff's Opp. FN 3. The Plaintiff states that he "can simply assess [sic] his entire file via the Internet." *Id*.

However, if Plaintiff's argument were accepted by the Court, venue could be established under the third prong of the Title VII venue statute wherever a plaintiff wanted to bring suit. As a result, this venue provision would be rendered meaningless. Furthermore, the Plaintiff has overlooked the language of the statute. "[T]he prong of the Title VII venue statute that concerns employment records speaks of 'the judicial district' in which employment records are 'maintained and administered.'" *Washington v. General Electric Corp*., 686 F. Supp. 361, 363 (1988) (rejecting plaintiff's argument that because a copy of her employment record was on file with the EEOC in Washington, D.C., she had established venue under the third prong of the Title VII venue provisions). "From the statute's use of the singular, it is clear that Congress intended venue to lie on the basis of the presence of records only in the one judicial district in which the complete, 'master' set of employment records is 'maintained and administered.'"[5] *Id*. at 363.

Thus, the Defendant's assertion that the Plaintiff's employment records and official personnel file are in the regional office of the Office of the Assistant Secretary for Administration and Management in Boston, Massachusetts, is "completely true." *See* Plaintiff's Opp. FN 3. Accordingly, the Plaintiff has failed to establish venue under the third prong of 42 U.S.C. § 2000e-5(f)(3).

---

[5] The Plaintiff has also overlooked the fact that he cannot authenticate these records and would not be the proper custodian for purposes of introducing them at trial.

**Conclusion**

For the foregoing reasons, the Defendant respectfully moves the Court to dismiss the Plaintiff's retaliation claims and to dismiss this action for improper venue or, in the alternative, to transfer this matter to the District of Massachusetts.

Respectfully submitted,

\_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
UNITED STATES ATTORNEY

\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

\_/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250

Of Counsel:

Toye Olarinde
Office of the Solicitor
U.S. Department of Labor