# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JOSEPH MATERIA** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-2251(RWR) |
| **ELAINE L. CHAO, SECRETARY UNITED STATES DEPARTMENT OF LABOR** | ) |
| Defendant. | ) |

### PLAINTIFF'S SUR REPLY TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT OR CERTAIN CLAIMS OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE

Plaintiff, Joseph Materia, through his undersigned counsel, hereby files this Sur Reply to the Defendant's Motion to Dismiss Amended Complaint or Certain Claims, or in the Alternative, to Transfer for Improper Venue.

In its Reply to Plaintiff's Opposition, Defendant states that Plaintiff has "returned to his duty station in Boston." This is untrue. In retaliation for filing his complaint, the Agency has unfairly terminated Mr. Materia's position in Washington, DC and has requested that he return to Boston. Am. Complaint at ¶78. Plaintiff still resides in the Washington metropolitan area due to an illness and disability he is suffering from as a direct result of the Agency's unlawful actions.[1]

If his case is transferred, Mr. Materia will be significantly prejudiced having to litigate in a jurisdiction where he does not reside. Moreover, once his retaliation claims have been administratively exhausted, he would be further prejudiced if his case is transferred because he

---

[1] Mr. Materia did not include his address in metropolitan Washington in the original Complaint caption for fear that Ms. Summers would learn of his residence and seek to contact him and continue to harass him.

would then have to bring two separate court actions against the Defendant – one for the underlying harassment claims in Boston and one for the retaliation claims here in this district.

In sum, as stated in Plaintiff's Opposition, the harassment that occurred in Massachusetts lasted approximately eight months. In contrast, the actions that occurred in the District of Columbia lasted approximately a ten month period due to the fact that Kathleen Summers, the Northeast Regional Leader for the DOL, availed herself of this jurisdiction to continue the harassment against Mr. Materia. Contrary to Defendant's assertions, pursuant to Rule 12(b), the Court should assume the truth of the allegations in plaintiff's Complaint and not make a determination as to whether the allegations are "actionable" at this stage of the litigation.

Moreover, this ten (10) month period does not take into account the nearly two (2) years time that Defendant retaliated against Mr. Materia which far surpasses the amount of time in Massachusetts and, to this day, still continues.

Accordingly, under 42 U.S.C. § 2000e-5(f), venue is proper in this Court as the majority of unlawful employment practices occurred in the District of Columbia and not in Massachusetts as Defendant avers. For all the foregoing reasons, the Court must deny the Defendant's Motion to Transfer.

Dated: June 25, 2007                                Respectfully submitted,


                                                    _____/s/_____
                                                    Camilla C. McKinney, Esq.
                                                    McKinney & Associates, PLLC
                                                    1100 Fifteenth Street, N.W., Suite 300
                                                    Washington, D.C. 20005
                                                    (202) 861-2934/(202) 517-9111 (fax)
                                                    Attorneys for Plaintiff Joseph Materia

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2007, I caused a true and correct copy of the foregoing Sur Reply to Defendant's Motion to Dismiss Amended Complaint or Certain Claims, or in the Alternative, to Transfer for Improper Venue be served electronically, via the CM-ECF system, to:

JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530

                                                _____/s/_____
                                                Camilla C. McKinney