UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA, )<br><br>Plaintiff, )<br><br>v. )<br><br>ELAINE L. CHAO, SECRETARY, )<br>UNITED STATES DEPARTMENT OF )<br>LABOR, )<br><br>Defendant. )<br>_____) | Civil Action No. 06-2251(RWR) |

## MEMORANDUM OPINION AND ORDER

In this Title VII employment discrimination case, defendant Elaine Chao, Secretary of the United States Department of Labor ("DOL"), asserting that venue in the District of Columbia is improper, has moved under Rule 12(b)(3) of the Federal Rules of Civil Procedure to dismiss plaintiff Joseph Materia's amended complaint or, alternatively, to transfer this action to the District of Massachusetts under 28 U.S.C. § 1406(a). Because venue is proper in the District of Columbia, the motion to dismiss or transfer for improper venue will be denied. DOL also moves to dismiss Materia's retaliation claim pursuant to Rule 12(b)(1) or Rule 12(b)(6) for failure to exhaust administrative remedies. Because DOL has submitted uncontroverted facts in support of its position and Materia did not oppose dismissal of his retaliation claims for failure to

-2-

exhaust, the matter will be deemed conceded and DOL's motion in
that respect will be granted.   Local Civil Rule 7(b).

BACKGROUND

Materia alleges the following facts.  He is an employee of
DOL and was working for DOL's Boston office as a Veterans Program
Specialist.  Starting in December 2004 or January 2005 and
continuing through April 2007, Kathleen Summers, Regional Leader
for DOL Northeast Region and his superior, sexually harassed and
discriminated against him, and created a hostile work
environment, resulting in denied promotions and other injuries,
in violation of Title VII of the Civil Rights Act of 1964, as
amended.  42 U.S.C. §§ 2000e et seq.  While he worked in Boston,
Summers made numerous sexual advances to him both in and out of
the office.  He repeatedly declined her invitations and asked her
to stop, but her advances continued.  As Materia sought to
advance his career, Summers informed him that her influential
position would be a crucial factor in his promotion.  In August
2005, Materia temporarily relocated to the District of Columbia
for a 90-day assignment, a relocation that continued into at
least the spring of 2007.  Summers continued to sexually harass
him and emphasize her power to advance or ruin his professional
reputation and career.  Due to Summers' unlawful employment
practices, a promotion due him in November 2005 was delayed, he

-3-

was denied a bonus, multiple promotions and job training in 2006, and he was denied a critical promotion in January 2007.

<u>DISCUSSION</u>

DOL argues that venue is improper because the alleged unlawful employment practices occurred predominantly in the District of Massachusetts, Materia's employment records are located in Massachusetts, and Materia would have worked in the District of Massachusetts but for the alleged actions. Materia counters that venue is proper in the District of Columbia because most of the unlawful employment practices occurred in the District of Columbia.

The plaintiff bears the burden of establishing that venue is proper. <u>Reuber v. United States</u>, 750 F.2d 1039, 1052 (D.C. Cir. 1984); <u>Lamont v. Haig</u>, 590 F.2d 1124, 1136 (D.C. Cir. 1978). In considering a motion to dismiss for improper venue under Rule 12(b)(3), the court accepts all factual allegations in the complaint as true, draws all reasonable inferences in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor. <u>Darby v. U.S. Dep't of Energy</u>, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). A court need not accept the plaintiff's legal conclusions as true, but to prevail on a motion to dismiss for improper venue, a defendant must present facts sufficient to defeat a plaintiff's assertion of venue. <u>Id.</u>

-4-

Venue in employment discrimination suits brought under Title VII are governed by the statute:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.  For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).  The statute states no particular amount of proof that is required, and it states no preference for one venue over another where the facts establish that more than one venue would be proper under the statute.  In a "case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose" among the districts in which venue may be proper.  Leroy v. Great W. United Corp., 443 U.S. 173, 185 (1979).  Title VII venue determinations "of the locus of disputed employment practices" should be examined in a vein similar to that of venue determinations under 28 U.S.C. § 1391, and be "based on a 'commonsense appraisal' of events having operative significance in the case."  Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983) (quoting Lamont v. Haig, 590 F.2d at 1134).  Provided that venue is proper in the

-5-

district in which the action is filed, "there is a strong presumption against disturbing plaintiff['s] initial forum choice." Pain v. United Tech. Corp., 637 F.2d 775, 784 (D.C. Cir. 1980).

A substantial part of the unlawful employment practices Materia alleges occurred in the District of Columbia. While in Washington, D.C., Materia's promotion was delayed, he was denied other promotions, job training and bonuses, and he experienced a hostile work environment, all of which he has alleged to be the result of Summers' harassment. In addition, the alleged unwanted sexual advances from Summers continued for some time after Materia relocated to Washington. Venue in the District of Columbia is proper under the first alternative of Title VII's venue provision. 42 U.S.C. § 2000e-5(f)(3) ("[A]n action may be brought in any judicial district . . . in which the unlawful employment practice is alleged to have been committed[.]"). In addition, venue is proper in the District of Columbia because defendant has moved under 28 U.S.C. § 1406, and DOL's principal office is in this district. 42 U.S.C. § 2000e-5(f)(3) ("For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.").

-6-

DOL has shown that venue in the District of Massachusetts would also be proper because that is where many of the unlawful employment practices occurred and where Materia's employment records are maintained and administered.  It is not clear that the facts regarding where Materia would have worked absent the discrimination would support venue in the District of Massachusetts.  The complaint does not afford information sufficient to conclude whether, but for the unlawful activity, Materia would have remained in Massachusetts in August 2005 instead of transferring to the District of Columbia, or, indeed, whether he would have returned to Boston at the end of his 90-day temporary assignment instead of remaining in the District of Columbia.  In any case, whether the facts would support venue in another district is not dispositive.  The dispositive question is whether plaintiff has lodged his complaint in a district where venue is proper.  Materia is entitled to choose among the districts in which venue is proper.  Leroy, 443 U.S. at 185. Because Materia has established that venue in the District of Columbia is proper, and DOL has not defeated his assertions, DOL's motion to dismiss or transfer for improper venue will be denied.

CONCLUSION AND ORDER

Because Materia has established that Title VII venue in this case is proper in the District of Columbia, and because he has

-7-

not opposed DOL's motion to dismiss his retaliation claims for
failure to exhaust his administrative remedies, it is hereby

ORDERED that DOL's motion to dismiss the complaint or
transfer it for improper venue be, and hereby is, DENIED.  It is
further

ORDERED that DOL's motion to dismiss Materia's retaliation
claim for failure to exhaust administrative remedies be, and
hereby is, GRANTED as conceded.

SIGNED this 6th day of July, 2007.


                            _____/s/_____
                            RICHARD W. ROBERTS
                            United States District Judge