UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-2251 (RWR) |
| ) | |
| ELAINE L. CHAO, SECRETARY, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| LABOR, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Elaine L. Chao, Secretary, United States Department of Labor, through her undersigned attorneys, hereby responds to Plaintiff's first amended complaint as follows:

**FIRST DEFENSE**

Plaintiff has failed to exhaust administrative remedies.

**SECOND DEFENSE**

The Court lacks jurisdiction over the subject matter of this action.

**THIRD DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**FOURTH DEFENSE**

Defendant is entitled to offsets for any back pay or front pay awarded to Plaintiff.

**FIFTH DEFENSE**

Venue for this action is improper in the District of Columbia.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the statute of limitations.

## The Complaint

Defendant further answers the numbered paragraphs of Plaintiff's first amended complaint by denying the allegations contained therein, except as expressly admitted as follows:

## Nature of Action

1.  Paragraph 1 contains Plaintiff's characterization of his action to which no answer is required. Insofar as an answer may be required, this paragraph is denied. Defendant avers that any claims for retaliation referred to in paragraph 1 have been dismissed by the Court.

## Jurisdiction and Venue

2.  Paragraph 2 contains Plaintiff's jurisdictional allegations to which no answer is required. Insofar as an answer may be deemed necessary, paragraph 2 is denied.

3.  Paragraph 3 contains Plaintiff's venue statement to which no answer is required. Insofar as an answer may be deemed necessary, paragraph 3 is denied.

## Parties

4.  Defendant is without information sufficient to admit or deny, except to admit that Plaintiff is a graduate of West Point, served as the State Quartermaster of Massachusetts assisting the National Guard, and that Plaintiff retired from the military reserves.

5.  Admit.

6.  Deny, except to admit Kathleen Summers, a former Regional Leader for the DOL Northeast Region, was named as a discriminatory official in Plaintiff's EEO complaint.

## ALLEGED FACTS

7.  This paragraph adopts and incorporates the allegations set forth in the previous paragraphs 1 through 6. To the extent that a response is required, and except to the extent

admitted in paragraphs 1 through 6, Defendant denies same.

8.   Admit.

9.   Admit that in or about December 2004, Ms. Thompson introduced Plaintiff to Ms. Summers, a Presidential appointee and, at the time, the highest ranking DOL position within the Northeast region. Admit that Ms. Summers had an office down a hall. Deny all other allegations.

10.  Deny, except to admit the first sentence of paragraph 10, and that Ms. Summers contacted Plaintiff about car-pooling to New Hampshire.

11.  Deny, except to admit that Plaintiff and Ms. Summers traveled to New Hampshire together in the same car and ate lunch together.

12.  Deny, except to admit that Plaintiff and Ms. Summers saw a movie together. Defendant avers that Plaintiff asked Ms. Summers to attend the movie with him.

13.  Deny, except to admit that Plaintiff and Ms. Summers engaged in a consensual dating relationship in which they exchanged gifts and visited, telephoned, and e-mailed one another.

14.  Deny, except to admit the first and second sentence of this paragraph. Defendant avers that Plaintiff agreed to and was assigned to weekend travel to Vermont. Defendant avers that Plaintiff requested that Ms. Summers accompany him on this trip and that Ms. Summers agreed to accompany Plaintiff.

15.  Deny, except to admit that as part of his assignment, Plaintiff traveled to Vermont. Defendant avers that Ms. Summers attended one briefing, and, by agreement, Plaintiff and Ms.

Summers had lunch and dinner together.

16. Deny, except to admit that some of Plaintiff's colleagues made comments about Plaintiff's trip to Vermont with Ms. Summers.

17. Deny, except to admit that as part of their consensual relationship, Plaintiff and Ms. Summers exchanged gifts and, on occasion, touched each other.

18. Deny, except to admit that, as part of their consensual relationship, Plaintiff and Ms. Summers exchanged e-mails.

19. Deny, except to admit that Plaintiff applied for a position to become Adjutant General of Massachusetts, sought the support of his supervisors, and was given support by his supervisors, including a letter of recommendation.

20. Deny, except to admit that in or about March 2005, Ms. Summers contacted Plaintiff. Defendant avers that Plaintiff informed Ms. Summers about his application for the position of Adjutant General of Massachusetts and Ms. Summers offered to try to assist Plaintiff in obtaining this position.

21. Deny, except to admit that as part of Ms. Summer's attempt to assist Plaintiff in securing the position of Adjutant General, Ms. Summers asked Plaintiff to come to her office to discuss letters of recommendation.

22. Deny, except to admit that Plaintiff and Ms. Summers attended a political gathering in early April 2005. Defendant avers that Plaintiff asked Ms. Summers if he should attend and Plaintiff suggested to Ms. Summers that his attendance at this function might assist him in being hired for the position of Adjutant General.

23. Deny. Defendant avers that Plaintiff offered to pick up Mr. McWilliam at the air

port because he had learned that Mr. McWilliam was also a graduate of West Point. Defendant further avers that Plaintiff asked Mr. McWilliam to the baseball game and told Mr. McWilliam that he had a friend with tickets, because Plaintiff knew that Ms. Summers had tickets to the baseball game.

24. Deny, except to admit that Ms. Summers brought a female friend to the baseball game on or about April 13, 2005.

25. Deny.

26. Admit.

27. Deny, except to admit that as planned, Plaintiff went to the Marriott Custom House in Boston, Massachusetts with Ms. Summers, and that they went to a room in which there were flowers, food, and drinks. Defendant avers that Plaintiff had planned to leave early and have Ms. Summers drop him off at the train station.

28. Deny, except to admit that Plaintiff received a telephone call while he and Ms. Summers were at the Marriott Custom House and that, as planned, Ms. Summers took Plaintiff to the train station.

29. Deny.

30. Deny.

31. Deny, except to admit that Ms. Summers told Plaintiff that he was one of the finalists for the position of Adjutant General. Defendant avers that the person selected for the position was a high-ranking General.

32. Deny, except to admit that Governor Romney appointed another candidate to the Adjutant General position.

33. Deny, except to admit that Plaintiff and Ms. Summers had a continuing consensual relationship and spoke and e-mailed one another on a variety of subjects.

34. Deny, except to admit that Mr. McWilliam discussed a position with Plaintiff. Defendant avers that it was Mr. McWilliam who contacted Plaintiff about a transfer and the DOL program because Mr. McWilliam, having learned about Plaintiff's background while in Boston, thought Plaintiff might be a good fit for the detail assignment.

35. Deny, except to admit that in or about May 2005, Plaintiff met with Chick Ciccolella and Mr. McWilliam, they offered Plaintiff an assignment in Washington, D.C., and Plaintiff accepted the assignment.

36. Deny.

37. Deny, except to admit that Plaintiff attended a conference at Gillette Stadium.

38. Deny, except to admit that Plaintiff and Ms. Summers continued their consensual relationship, and that Ms. Summers contacted Plaintiff as part of that relationship.

39. Deny, except to admit that Plaintiff was given a written reprimand for being AWOL.

40. Deny.

41. Deny, except to admit the first sentence of paragraph 41, and that because of Plaintiff's detail assignment to Washington, D.C., his enrollment in the training was cancelled.

42. Deny, except to admit that in or about August 2005, Plaintiff was detailed to a position in Washington, D.C., for ninety days.

43. Deny, except to admit that as part of their continuing relationship, Plaintiff and Ms. Summers spoke and exchanged e-mails, and, in or about September 2005, Ms. Summers

visited Plaintiff at his office in Washington, D.C.

44. Deny, except to admit that in or about October 2005, Ms. Summers visited Plaintiff at his office in Washington, D.C.

45. Deny, except to admit that Plaintiff's promotion was delayed because of an administrative delay in processing his evaluation.

46. Deny.

47. Deny, except to admit that Mr. Alvarez was aware that Plaintiff had not received his promotion, and Mr. Alvarez took it upon himself to try to correct the situation by contacting the regional office on Plaintiff's behalf.

48. Deny.

49. Defendant is without information sufficient to enable Defendant to admit or deny the allegations in this paragraph.

50. Deny, except to admit that as part of Plaintiff's and Ms. Summers' continuing relationship, Ms. Summers invited Plaintiff to the White House Christmas party.

51. Deny, except to admit that Mr. Alvarez, in an attempt to assist Plaintiff, brought to Mr. Burke's attention the fact Plaintiff had not yet received his promotion.

52. Deny, except to admit that Plaintiff and Mr. Burke had lunch with two other people.

53. Deny, except to admit that Mr. Burke told Plaintiff that Plaintiff had outstanding credentials.

54. Deny, except to admit that Plaintiff was promoted to a GS-11 in January 2006, but that the promotion was not retroactive.

55. Defendant is without information sufficient to enable Defendant to admit or deny the allegations in this paragraph.

56. Deny, except to admit that, in March 2006, Plaintiff and Mr. McWilliam met for lunch.

57. Deny, except to admit that on May 1, 2006, Plaintiff met with EEO counselor, Ms. Winstead to discuss his allegations of harassment.

58. Admit.

## Retaliation Claims
### (Paragraphs 59-78)

Defendant avers that all of Plaintiff's retaliation claims, contained in paragraphs 59-78, were dismissed by the Court on July 6, 2006. Insofar as a response is deemed necessary, Defendant denies same.

79. This paragraph re-alleges and incorporates paragraphs 1-78. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 58, Defendant denies same.

80. This paragraph summaries the prohibitions of Title VII, to which no answer is necessary. To the extent a response is deemed necessary, Defendant denies that Secretary Chao or any official of the U.S. Department of Labor took any actions in violation of the statutes cited and deny that Plaintiff is entitled to any relief

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. This paragraph re-alleges and incorporates paragraphs 1-84. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 58, Defendant denies same.

86. This paragraph summaries the prohibitions of Title VII, to which no answer is necessary. To the extent a response is deemed necessary, Defendant denies that Secretary Chao or any official of the U.S. Department of Labor took any actions in violation of the statutes cited and deny that Plaintiff is entitled to any relief

87. Deny.

88. Deny.

89. Deny.

90. Deny.

## Retaliation Claims
### (Paragraphs 91-95)

Defendant avers that Plaintiff's retaliation claims, contained in paragraphs 91-95, were dismissed by the Court on July 6, 2006. Insofar as a response is deemed necessary, Defendant denies same.

## Relief Sought

The part of Plaintiff's complaint contains his prayer for relief, to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied. Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.

Defendant hereby specifically denies each and every allegation contained in Plaintiff's complaint not hereinbefore answered.

**Jury Demand**

This paragraph contains Plaintiff's demand for a jury trial to which no answer is necessary. Insofar as an answer is deemed necessary, Defendant denies same.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250