## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH MATERIA** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-2251 (RWR) |
| v. ) | |
| ) | |
| **ELAINE CHAO,** ) | |
| **SECRETARY** ) | |
| **U.S. DEPARTMENT OF LABOR** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### JOINT LOCAL RULE 16.3 REPORT

The parties, having conferred by telephone, hereby provide this Report to the Court, in accordance with Local Rule 16.3(c).

Plaintiff's Statement of the Case

Plaintiff Joseph Materia brings this action for injunctive relief and damages based on the denial of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereafter "Title VII"). Specifically, the Department of Labor subjected him to sex discrimination, *quid pro quo* sexual harassment and a hostile work environment by a management official. After filing an EEO/EEOC charge concerning the harassment, the Agency also retaliated against Mr. Materia for engaging in activities protected by Title VII. Plaintiff sought to amend the Complaint to add these claims, but the Court did not allow amendment on July 6, 2007 for failure to exhaust administrative remedies. These retaliation claims are currently being administratively processed and Plaintiff intends to seek to amend the Complaint to add these claims.

Defendant's Statement of the Case

All actions complained of were taken for legitimate, non-discriminatory and non-retaliatory reasons. Defendant denies any sex discrimination or harassment or any illegal conduct whatsoever.

In addition, pursuant to Local Rule 16.3(c), the parties state the following:

1.    Dispositive Motions:    Defendant filed a Motion to Dismiss, or in the Alterative, to Transfer for Improper Venue. The Court denied the Motion on July 6, 2007. Plaintiff does not believe that further filing of dispositive motions by the Defendant will resolve the matter. Defendant intends to file a dispositive motion at the close of discovery.

2.    Joinder of Parties/Amendment of Complaint/Narrowing of Issues: The Parties do not anticipate that any additional parties will be joined. Since filing his EEO complaint, Plaintiff claims that the Agency has also retaliated against him for engaging in activities protected by Title VII. These retaliation claims are currently being administratively processed and Plaintiff intends to seek to amend the Complaint to add these claims. Accordingly, the Parties do not believe that the issues in the case can be further narrowed at this juncture.

3.    Magistrate:    The Parties do not consent to referral of the case to a Magistrate Judge for trial. The Parties propose that if informal settlement discussions are unsuccessful within the next 45 days, that the matter be

referred to a Magistrate Judge for settlement talks only, for a period of 30 days.

4.    <u>Possibility of Settlement</u>:   The Parties have commenced settlement discussion on their own and request to defer the commencement of discovery for 45 days without outside assistance.

5.    <u>ADR</u>:  The Parties believe that ADR may be appropriate and request that the case be referred to a magistrate judge for a period of 30 if they are unable to resolve the matter on their own, as noted in paragraph 4, above.

6.    <u>Motions</u>:   Plaintiff does not believe that the case can be decided by dispositive motion.    Defendant anticipates filing a motion for summary judgment after the close of discovery.   The Parties propose that any motion for summary judgment shall be filed within forty-five (45) days after the close of discovery; that the responding party shall also have forty-five (45) days to file an Opposition; and that twenty (20) days shall be allowed for any Reply.

7.    <u>Initial Disclosures</u>:   Plaintiff seeks to stipulate to dispense with the requirements of Fed. R. Civ. P. 26(a)(1).  Defendant prefers that initial disclosures be made in accordance with the Rules.

8.    <u>Discovery</u>:   The Parties request that 180 days be granted for discovery if efforts at ADR are unsuccessful.  Plaintiff anticipates filing a Motion to Amend prior to the discovery deadline.   If the Motion to Amend is granted, Plaintiff may seek to extend the discovery period for the amended retaliation claims.   The Parties propose that each party should be limited

to ten (10) depositions and thirty (30) interrogatories, although it is understood that one or both parties may seek leave from the Court to increase this limit at a future time, with the other party preserving its right to object.  The Parties anticipate that they will be filing a joint protective order.

9. <u>Experts</u>:  Plaintiff anticipates that he will be relying on expert witnesses. The Plaintiff proposes that any expert reports be served within sixty (60) days prior to the close of discovery, and that any rebuttal expert reports be served forty-five (45) days after Plaintiff's report.

10. <u>Class Action</u>:  N/A

11. <u>Bifurcation</u>:  At this time, the parties do not believe that bifurcation of trial or discovery is appropriate.

12. <u>Pretrial Conference</u>:   The parties propose that the date for the pretrial conference be held 60 days after the Court's decision on any dispositive motions that may be filed, or at the Court's convenience.

13. <u>Trial Date</u>:   The Parties propose that the trial date be set at the final Pretrial Conference, or at the Court's convenience.

14. <u>Other Matters</u>:  N/A.

Respectfully submitted,

_s/with authorization_____                    _____/s/_____
CAMILLA C. MCKINNEY, ESQ.                       JEFFREY A. TAYLOR
McKinney & Associates                           D.C. Bar # 488610
1100 Fifteenth St., NW, Suite 300               United States Attorney
Washington, D.C. 20005
(202) 861-2934
(202) 517-9111 (fax)                            _____/s/_____
*Attorneys for Plaintiff*                       RUDOLPH CONTRERAS
                                                D.C. Bar # 434122
                                                Assistant United States Attorney


                                                _____/s/_____
                                                MERCEDEH MOMENI
                                                Assistant United States Attorney
                                                Judiciary Center Building, Rm. E4208
                                                555 Fourth Street, N.W.
                                                Washington, D.C. 20530
                                                (202) 305-4851
                                                (202) 514-8780 (fax)
                                                *Attorneys for Defendant*


September 25, 2007

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JOSEPH MATERIA** | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 06-2251 (RWR) |
| v. | ) |
|  | ) |
| **ELAINE CHAO,** | ) |
| **SECRETARY** | ) |
| **U.S. DEPARTMENT OF LABOR** | ) |
|  | ) |
| Defendant. | ) |

## ORDER

Upon consideration of the Parties' Joint Local Rule 16.3 Report, and the entire record herein, it is hereby ORDERED that:

1.      Discovery is deferred for a period of 45 days to allow the Parties to continue settlement negotiations.  Thereafter, if necessary, the case should be referred to a magistrate judge for a period of 30 days, for settlement discussion.

2.      Discovery will close on _____.

3.      Plaintiff's Rule 26(a)(2) report will be due on _____. Defendant's Rule 26(a)(2) report will be due on _____.

4.      The Parties shall be limited to 10 depositions and 30 interrogatories per side, although one or both Parties may seek leave from the Court to increase this limit at a future time.

5.      The Parties shall file dispositive motions within forty-five (45) days after the close of discovery, any Oppositions shall be filed forty-five (45) days thereafter; and any Replies filed twenty (20) days thereafter.

6.      The Parties shall/shall not comply with initial disclosures pursuant to Rule 26(a)(1).

It is so ORDERED this _____ day of _____, 2007.


_____
United States District Judge