## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA,        ) | |
|        ) | |
|     Plaintiff,     ) | |
|        ) | Civil Action No. 06-2251 (RWR) |
|        ) | ECF |
| ELAINE L. CHAO, SECRETARY,     ) | |
| UNITED STATES DEPARTMENT     ) | |
| OF LABOR,     ) | |
|        ) | |
|     Defendant.     ) | |
| _____) | |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Elaine L. Chao, Secretary, United States Department of Labor, through her undersigned attorneys, hereby responds to Plaintiff's first amended complaint as follows:

### FIRST DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### SECOND DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

Defendant is entitled to offsets for any back pay or front pay awarded to Plaintiff.

### FIFTH DEFENSE

Venue for this action is improper in the District of Columbia.

### SIXTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## The Complaint

Defendant further answers the numbered paragraphs of Plaintiff's first amended complaint by denying the allegations contained therein, except as expressly admitted as follows:

## Nature of Action

1.    Paragraph 1 contains Plaintiff's characterization of his action to which no answer is required. Insofar as an answer may be required, this paragraph is denied. Defendant avers that any claims for retaliation referred to in paragraph 1 have been dismissed by the Court.

## Jurisdiction and Venue

2.    Paragraph 2 contains Plaintiff's jurisdictional allegations to which no answer is required. Insofar as an answer may be deemed necessary, paragraph 2 is denied.

3.    Paragraph 3 contains Plaintiff's venue statement to which no answer is required. Insofar as an answer may be deemed necessary, paragraph 3 is denied.

## Parties

4.    Defendant admits that Plaintiff was a Veterans Program Specialist, GS-11, but denies that Plaintiff was stationed in Washington, D.C. Defendant admits that Plaintiff is a graduate of West Point, served as the State Quartermaster of Massachusetts assisting the National Guard, and that Plaintiff retired from the military reserves.

5.    Admit.

6.    Deny, except to admit Kathleen Summers, a former Regional Leader for the DOL Northeast Region, was named as an alleged discriminating official in Plaintiff's EEO complaint.

## ALLEGED FACTS

7.    This paragraph adopts and incorporates the allegations set forth in the previous

paragraphs 1 through 6. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 6, Defendant denies same.

      8.     Admit.

      9.     Admit that in or about December 2004, Ms. Thompson introduced Plaintiff to Ms. Summers, a Presidential appointee and, at the time, the highest ranking DOL position within the Northeast region. Admit that Ms. Summers had an office down a hall. Deny all other allegations.

      10.     Deny, except to admit the first sentence of paragraph 10, and that Ms. Summers contacted Plaintiff about car-pooling to New Hampshire.

      11.     Deny, except to admit that Plaintiff and Ms. Summers traveled to New Hampshire together in the same car and ate lunch together.

      12.     Deny, except to admit that Plaintiff and Ms. Summers saw a movie together. Defendant avers that Plaintiff asked Ms. Summers to attend the movie with him.

      13.     Deny, except to admit that Plaintiff and Ms. Summers engaged in a consensual dating relationship in which they exchanged gifts and visited, telephoned, and e-mailed one another.

      14.     Deny, except to admit the first and second sentence of this paragraph. Defendant avers that Plaintiff agreed to and was assigned to weekend travel to Vermont. Defendant avers that Plaintiff requested that Ms. Summers accompany him on this trip and that Ms. Summers agreed to accompany Plaintiff.

      15.     Deny, except to admit that as part of his assignment, Plaintiff traveled to Vermont. Defendant avers that Ms. Summers attended one briefing, and, by agreement, Plaintiff and Ms.

3

Summers had lunch and dinner together.

16.     Deny, except to admit that some of Plaintiff's colleagues made comments about Plaintiff's trip to Vermont with Ms. Summers.

17.     Deny, except to admit that as part of their consensual relationship, Plaintiff and Ms. Summers exchanged gifts and, on occasion, touched each other.

18.     Deny, except to admit that, as part of their consensual relationship, Plaintiff and Ms. Summers exchanged e-mails.

19.     Deny, except to admit that Plaintiff applied for a position to become Adjutant General of Massachusetts, sought the support of his supervisors, and was given support by his supervisors, including a letter of recommendation.

20.     Deny, except to admit that in or about March 2005, Ms. Summers contacted Plaintiff. Defendant avers that Plaintiff informed Ms. Summers about his application for the position of Adjutant General of Massachusetts and Ms. Summers offered to try to assist Plaintiff in obtaining this position.

21.     Deny, except to admit that as part of Ms. Summer's attempt to assist Plaintiff in securing the position of Adjutant General, Ms. Summers asked Plaintiff to come to her office to discuss letters of recommendation.

22.     Deny, except to admit that Plaintiff and Ms. Summers attended a political gathering in early April 2005. Defendant avers that Plaintiff asked Ms. Summers if he should attend and Plaintiff suggested to Ms. Summers that his attendance at this function might assist him in being hired for the position of Adjutant General.

23.     Deny. Defendant avers that Plaintiff offered to pick up Mr. McWilliam at the

4

airport because he had learned that Mr. McWilliam was also a graduate of West Point. Defendant further avers that Plaintiff asked Mr. McWilliam to the baseball game and told Mr. McWilliam that he had a friend with tickets, because Plaintiff knew that Ms. Summers had tickets to the baseball game.   24.       Deny, except to admit that Ms. Summers brought a female friend to the baseball game on or about April 13, 2005.

25.       Deny.

26.       Admit.

27.       Deny, except to admit that as planned, Plaintiff went to the Marriott Custom House in Boston, Massachusetts with Ms. Summers, and that they went to a room in which there were flowers, food, and drinks. Defendant avers that Plaintiff had planned to leave early and have Ms. Summers drop him off at the train station.

28.       Deny, except to admit that Plaintiff received a telephone call while he and Ms. Summers were at the Marriott Custom House and that, as planned, Ms. Summers took Plaintiff to the train station.

29.       Deny.

30.       Deny.

31.       Deny, except to admit that Ms. Summers told Plaintiff that he was one of the finalists for the position of Adjutant General. Defendant avers that the person selected for the position was a high-ranking General.

32.       Deny, except to admit that Governor Romney appointed another candidate to the Adjutant General position.

33.       Deny, except to admit that Plaintiff and Ms. Summers had a continuing

5

consensual relationship and spoke and e-mailed one another on a variety of subjects.

34.    Deny, except to admit that Mr. McWilliam discussed a position with Plaintiff.

Defendant avers that it was Mr. McWilliam who contacted Plaintiff about a transfer and the DOL

program because Mr. McWilliam, having learned about Plaintiff's background while in Boston,

thought Plaintiff might be a good fit for the detail assignment.

35.    Deny, except to admit that in or about May 2005, Plaintiff met with Charles

(Chick) Ciccolella and Mr. McWilliam, they offered Plaintiff an assignment in Washington,

D.C., and Plaintiff accepted the assignment.

36.    Deny.

37.    Deny, except to admit that Plaintiff attended a conference at Gillette Stadium.

38.    Deny, except to admit that Plaintiff and Ms. Summers continued their consensual

relationship, and that Ms. Summers contacted Plaintiff as part of that relationship.

39.    Deny, except to admit that Plaintiff was given a written reprimand for being

AWOL.

40.    Deny.

41.    Deny, except to admit the first sentence of paragraph 41, and that because of

Plaintiff's detail assignment to Washington, D.C., his enrollment in the training was cancelled.

42.    Deny, except to admit that in or about August 2005, Plaintiff was detailed to a

position in Washington, D.C., for ninety days.

43.    Deny, except to admit that as part of their continuing relationship, Plaintiff and

Ms. Summers spoke and exchanged e-mails, and, in or about September 2005, Ms. Summers

visited Plaintiff at his office in Washington, D.C.

6

44.    Deny, except to admit that in or about October 2005, Ms. Summers visited Plaintiff at his office in Washington, D.C.

45.    Deny, except to admit that Plaintiff's promotion was delayed because of an administrative delay in processing his evaluation.

46.    Deny.

47.    Deny, except to admit that Mr. Alvarez was aware that Plaintiff had not received his promotion, and Mr. Alvarez contacted the regional office on Plaintiff's behalf.

48.    Deny.

49.    Defendant is without information sufficient to enable Defendant to admit or deny the allegations in this paragraph and leaves plaintiff to his proofs.

50.    Deny, except to admit that as part of Plaintiff's and Ms. Summers' continuing relationship, Ms. Summers invited Plaintiff to the White House Christmas party.

51.    Deny, except to admit that Mr. Materia's assignment was a temporary detail. Furthermore, Mr. Alvarez, in an attempt to assist Plaintiff, brought to Mr. Burke's attention the fact Plaintiff had not yet received his promotion.

52.    Deny, except to admit that Plaintiff and Mr. Burke had lunch with two other people.

53.    Deny, except to admit that Mr. Burke told Plaintiff that Plaintiff had outstanding credentials.

54.    Deny, except to admit that Plaintiff was promoted to a GS-11 in January 2006, but that the promotion was not retroactive.

55.    Deny, except to admit that Plaintiff and Ms. Summers communicated on or about

February 14, 2006 about whether they could meet.

56.    Deny, except to admit that, in March 2006, Plaintiff and Mr. McWilliam met for lunch.

57.    Deny, except to admit that on May 1, 2006, Plaintiff met with EEO counselor, Ms. Winstead to discuss his allegations of harassment.

58.    Admit.

59.    Deny

60.    Deny, except to admit that Mr. Materia had a conversation with Mr. Drach, where Mr. Materia alleged that he was being harassed in Boston. Defendant avers, that, to the best of the Defendant's knowledge and information, Mr. Materia did not seek any assistance concerning the alleged harassment because he was not working in Boston at the time and was no longer concerned about the alleged harassing official.

61.    Admit.

62.    Deny, except to admit that on or about December 2006 the Defendant posted a vacancy announcement for a Veterans Employment Specialist Position.

63.    Admit.

64.    Deny, except to admit that the Defendant hosted a party for Mr. Ciccolella on or about December 2006.

65.    Deny.

66.    Defendant is without information sufficient to enable Defendant to admit or deny the allegations in this paragraph and leaves Plaintiff to his proofs. Defendant denies any harassment.

8

67.    Defendant is without information sufficient to enable Defendant to admit or deny the allegations in this paragraph and leaves Plaintiff to his proofs. Defendant denies any harassment.

68.    Defendant is without information sufficient to enable Defendant to admit or deny the allegations in this paragraph and leaves Plaintiff to his proofs.

69.    Deny.

70.    Deny. Defendant avers, based on information and belief, that Plaintiff never requested training.

71.    Deny, except to admit that Plaintiff was issued a performance appraisal was issued in May 2007.

72.    Admit with respect to the first sentence of this paragraph. Deny with respect to the remainder of the paragraph, except to admit that Mr. Materia requested a career ladder promotion.

73.    Deny, except to admit that, due to technical communications difficulties, Plaintiff failed to respond to requests for information related to his background check. Defendant avers that because the background check was a necessary requirement for his continued employment, Mr. Drach informed Mr. Materia, that he needed to comply with the requests for information, and that a failure to comply may lead to removal.

74.    Denied.

75.    Deny, except to admit that the Veterans Employment Specialist Position was cancelled.

76.    Deny.

77.     Deny, except to admit that the Defendant repeatedly asked Mr. Materia to submit the necessary paperwork to allow the Defendant to process his requests for reimbursement.

78.     Deny, except to admit that based on information and belief no reassurances for a permanent position were ever made to Mr. Materia while he was on a detail in the National Office.

79.     Deny, except to admit that on May 31, 2007, Mr. Materia's detail ended and he was required to return to his permanent duty station in Boston, Massachusetts.

80.     Deny, except to admit that Mr. Materia filed a formal EEO complaint on or about May 2007.

81.     Deny, except to admit that the performance evaluation was given to Mr. Materia in May 2007. Defendant avers that the performance evaluation listed the critical elements in the position and he was rated on those critical elements.

82.     Defendant is without information sufficient to enable Defendant to admit or deny the allegations in this paragraph and leaves Plaintiff to his proofs.

83.     Deny, except to admit that Mr. Materia filed a request for reasonable accommodation with Gordon Burke who was not his supervisor at the time.

84.     Deny, except to admit that because Mr. Materia's detail in the National Office ended, he was no longer being supervised in that office. Defendant avers that Mr. Materia's supervisor in Boston, his permanent duty station, was Barbara Thompson and David Houle. As such, Mr. Materia was told to process his accommodation through Ms. Thompson and/or Mr. Houle because they were his supervisors in Boston.

85.     Deny, except to admit that Mr. Materia requested that he send his medical

10

information to some third party within the Agency that would keep the information confidential.

86.    Admit with respect to the first sentence of the paragraph, but denies the characterization "finally." Defendant denies the remainder of this paragraph.

87.    Admit.

88.    Deny, except to admit that Mr. Houle asked Mr. Materia for the date that Mr. Materia would report to his permanent duty station in the Boston office. Defendant avers that Mr. Houle sought information concerning Mr. Materia's start date because it was incumbent upon Mr. Materia to report to work or cover the absence with some form of leave.

89.    Deny, except to admit that Mr. Materia's voluntary resignation from VETS on July 18, 2007, was made effective on July 27, 2007.

90.    Deny, except to admit that Mr. Materia filed a formal EEO complaint on or about July 23, 2007.

### Count I

91.    This paragraph re-alleges and incorporates paragraphs 1-90. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 90, Defendant denies same.

92.    This paragraph summarizes the prohibitions of Title VII, to which no answer is necessary. To the extent a response is deemed necessary, Defendant denies that Secretary Chao or any official of the U.S. Department of Labor took any actions in violation of the statutes cited and deny that Plaintiff is entitled to any relief

93.    Deny.

94.    Deny.

11

95.     Deny.

96.     Deny.

## Count II

97.     This paragraph re-alleges and incorporates paragraphs 1-96. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 96, Defendant denies same.

98.     This paragraph summaries the prohibitions of Title VII, to which no answer is necessary. To the extent a response is deemed necessary, Defendant denies that Secretary Chao or any official of the U.S. Department of Labor took any actions in violation of the statutes cited and deny that Plaintiff is entitled to any relief

99.     Deny.

100.    Deny.

101.    Deny.

102.    Deny.

## Count III

103.    This paragraph re-alleges and incorporates paragraphs 1-102. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 102, Defendant denies same.

104.    This paragraph summaries the prohibitions of Title VII, to which no answer is necessary. To the extent a response is deemed necessary, Defendant denies that Secretary Chao or any official of the U.S. Department of Labor took any actions in violation of the statutes cited and deny that Plaintiff is entitled to any relief.

105.    Deny.

106.    Deny.

107.    Deny.

### Count IV

108.    This paragraph re-alleges and incorporates paragraphs 1-107. To the extent that a response is required, and except to the extent admitted in paragraphs 1 through 102, Defendant denies same.

109.    This paragraph summaries the prohibitions of Title VII, to which no answer is necessary. To the extent a response is deemed necessary, Defendant denies that Secretary Chao or any official of the U.S. Department of Labor took any actions in violation of the statutes cited and deny that Plaintiff is entitled to any relief.

110.    Deny.

111.    Deny.

112.    Deny.

### Relief Sought

The part of Plaintiff's complaint contains his prayer for relief, to which no answer is necessary, but to the extent that an answer may be deemed necessary, it is denied. To the extent an answer may be deemed to be required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever, and avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a, and that any relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

Defendant hereby denies any and all allegations of Plaintiff's Complaint not specifically

admitted or qualified in the above-stated responses. Defendant specifically denies that Defendant

has discriminated against or harassed Plaintiff or subjected him to a hostile work environment in

any way.

### Jury Demand

This paragraph contains Plaintiff's demand for a jury trial to which no answer is

necessary. Insofar as an answer is deemed necessary, Defendant denies same.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 305-4851

*Of Counsel*:
Anthony C. Camilli
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
200 Constitution Ave., N.W.
Washington, D.C. 20210
(202) 693-542

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September 2008, I caused the foregoing *Answer to Plaintiff's Second Amended Complaint* to be served on counsel of record, via the Court's Electronic Case Filing system.

MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 305-4851