## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA, | ) |
| | ) |
|     Plaintiff, | ) **Civil Action No. 06-2251 (RWR)** |
|   v. | ) ECF |
| | ) |
| ELAINE L. CHOA, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| LABOR, | ) |
|     Defendant. | ) |
| | ) |

### MOTION TO ENLARGE TIME FOR PLAINTIFF'S DEPOSITION

Defendant Elaine Chao, Secretary of the Department of Labor, ("Defendant" or "the Department"), by and through undersigned counsel, respectfully moves pursuant to Fed. R. Civ. P. 26(b)(2), for an order requiring the Plaintiff to appear for up to than two days of deposition testimony (7 hours per day) on September 17 and 18, 2008, or alternatively, at a time and date to be arranged between the parties.[1]  Up to seven hours of additional deposition time will be necessary given the length and breadth of Plaintiff's Complaint.  Pursuant to Local Rule 7(m) undersigned counsel conferred with Plaintiff's counsel who stated that Plaintiff does not consent to the relief requested.  Good cause exists to grant this Motion.  In support of this Motion, the Department states as follows.

### INTRODUCTION

1. Plaintiff's Second Amended Complaint, filed on August 20, 2008, contains 112 lengthy paragraphs of detailed and intimate information, dating back to at least 2003.  His Complaint

---

[1] The parties had previously agreed on September 17, 2008.

also contains allegations that involve at least a dozen Department employees in both the Department's Boston Regional Office and National Headquarters Office.

2.    Further, the instant Complaint is the conglomeration of three separate internal Equal Employment Opportunity claims involving both the Boston Regional Office and the National Headquarters staff.  Accordingly, additional time should be granted for a fair examination of the Plaintiff.

## LEGAL ARGUMENT

3.    Fed. R. Civ. P 30(d)(2) provides that "a deposition is limited to one day of seven hours." However, "the court *must* allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination."  Fed. R. Civ. P. 30(d)(2) (emphasis added).  As noted in the Advisory Committee Notes to Rule 30, relevant considerations to granting an extension of time beyond the seven hours allowed include whether "the examination will cover events occurring over a long period or time" and whether "the witness will be questioned about numerous or lengthy documents."  Fed. R. Civ. P. 26(b)(2) states that "the court may alter limits in these rules on the length of depositions under Rule 30," unless the Court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). It is within the power of the Court to allow additional time for a deposition as long as none of the above situations will result. Fed. R. Civ. P. 30(d)(2).

4. In this case, Plaintiff has filed a prolix Complaint, claiming that he suffered *quid pro quo* sexual harassment, a hostile work environment and a multitude of retaliatory acts and omissions while employed by the Department. *See* Compl. Counts I-IV.[2]

5. In his initial disclosures Plaintiff identifies thirteen witnesses, not including experts, or the various healthcare providers he consulted, who would speak to his claims for compensatory damages.

6. While the Federal Rules of Civil Procedure state that the parties may agree to extend a deposition if appropriate, Plaintiff in this case refuses to make himself available for more than seven hours. That simply is not enough time to cover all of the relevant information and claims he makes, let alone to conduct a fair examination regarding his compensatory damages as allowed by the Federal Rules. *See* Fed. R. Civ. P. 30(d). The Department will suffer grave prejudice if it is forced to defend itself without sufficient information about Plaintiff's claims and his specific knowledge thereof.

7. Furthermore, extending the seven hour limit would not violate any of the limitations provided in the rules regarding the reasonableness of the discovery. Mr. Materia is the Plaintiff and the sole possessor of knowledge regarding his specific claims. Allowing additional time for his deposition would not be duplicative, overly burdensome or costly. To the contrary,

---

[2] Plaintiff claims that after encountering medical difficulties, during his tenure here in Washington, D.C., he requested a "reasonable accommodation", which he states was not granted. *See* Compl. ¶¶ 82- 86. It remains unclear whether Plaintiff also intends to invoke the Rehabilitation Act of 1973, as well, because he does not actually mention the Act in his Complaint, but devotes several lengthy paragraphs to the subject.

scheduling the deposition for a consecutive two-day period would save time and expenses of having to coordinate all parties' availabilities, including technical personnel, if the deposition had to be adjourned after one day of testimony and then resumed at a later date.

## CONCLUSION

For the foregoing reasons, the Department's Motion to Enlarge Plaintiff's Deposition Time should be granted.

Respectfully Submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
Tel:  (202) 305-4851

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 5th 2008, I served a copy of the foregoing Motion to Enlarge Plaintiff's Deposition Time, by the Court's ECF system, on parties of record.

/s/ *Mercedeh Momeni*
_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 305-4851

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MATERIA, | ) |
| | ) |
| Plaintiff, | ) **Civil Action No. 06-2251 (RWR)** |
| v. | ) ECF |
| | ) |
| ELAINE L. CHOA, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| LABOR, | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

**ORDER**

This matter comes before the Court on Defendant's Motion to Enlarge Plaintiff's Deposition Time. Upon consideration of the parties' filings and the entire record herein, it is by the Court this _____ day of _____, 2008 hereby

**ORDERED** that Defendant's Motion is **GRANTED**.

SO ORDERED.


_____
UNITED STATES DISTRICT JUDGE